**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

BOARD OF TRUSTEES, SHEET        )
METAL WORKERS' NATIONAL         )
PENSION FUND, *et al.*,         )
                                )
    Plaintiffs,               )
                                )
v.                              )     Case No. 1:24-cv-01497 (AJT/WBP)
                                )
MOUNTAIN AIRE SERVICE           )
AMERICA, INC., doing business as )
Mountain Aire Heating & Air-    )
Conditioning                    )
                                )
    Defendant.                )

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant Mountain Aire Service America Inc.'s Unopposed Motion to Set Aside Entry of Default. ("Motion"; ECF No. 11.) For the reasons below, Defendant's Motion is GRANTED.

On August 27, 2024, Plaintiffs filed their Complaint (ECF No. 1) making Defendant's responsive pleading due September 17, 2024. Because Defendant did not respond, Plaintiffs asked the Clerk to enter a default against Defendant, (ECF No. 5), which the Clerk entered on October 9, 2024. (ECF No. 6.) Plaintiffs filed a Motion for Default Judgment on October 11, 2024 (ECF No. 7), and Defendant subsequently filed this Motion to Set Aside Entry of Default on October 16, 2024. (ECF No. 11.)

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. The Clerk of Court must enter default against a party that "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Federal Rule of Civil Procedure 55(c) provides that

"[t]he court may set aside an entry of default for good cause." Courts are instructed to consider six factors on Rule 55(c) motions: (1) whether the moving party has a meritorious defense; (2) whether the moving party acts with reasonable promptness; (3) the moving party's personal responsibility for the default; (4) the prejudice to the non-moving party; (5) whether the moving party has a history of dilatory action; and (6) the availability and effectiveness of less drastic sanctions than default judgment. *See Payne ex rel. Estate of Caldaza v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). But generally, "a default is set aside under Rule 55(c) when the moving party acts with reasonable promptness and alleges a meritorious defense." *Mullinex v. John Crane Inc.*, 636 F. Supp. 3d 622, 625 (E.D. Va. 2022).

Defendant alleges a meritorious defense by contending that it does not owe any funds under the terms of applicable contractual agreements. (ECF No. 11 at 5.) Defendant also has acted with reasonable promptness. Defendant retained counsel on the same day it learned about this lawsuit and filed its Motion to Set Aside Default seven days later. (*Id.* at 4.) Defendant's delayed response was not due to any culpable conduct on its part. According to Thomas Rutter's[1] affidavit, service allegedly occurred on Monday, September 2, 2024, which was Labor Day, and Mountain Aire was closed that day. (ECF No. 11 at 2.) Mr. Rutter states that he has determined that no Mountain Aire employees were present at the time service allegedly occurred, and the individual served by Plaintiffs' process server was not authorized to accept service on behalf of Defendant. (*Id.*)

Granting this Motion would not prejudice Plaintiffs because they do not oppose the Motion and the quick turnaround time between the Clerk's entry of default and this Motion—seven days—has not made it impossible for Plaintiffs to present evidence, has not made it

---

[1] Mr. Rutter is the President of Mountain Aire Service America, Inc. (ECF No. 11 at 1.)

difficult to proceed with trial, and has not hampered Plaintiffs' ability to complete discovery. *See Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009). Additionally, there is no indication that this delay was used by Defendant to collude or commit fraud. *See id.* There is also no history of Defendant causing litigation delays.

There are less drastic sanctions than granting default judgment at this stage in litigation. For example, an award of the non-movant's attorney's fees and costs can be a less drastic but an effective sanction for a Rule 55(c) motion. *See Mullinex*, 636 F. Supp. 3d at 628. But because Defendant's office was closed on the day service allegedly occurred, Defendant's prompt response in obtaining counsel and filing this Motion after learning about this litigation, and no history of Defendant delaying litigation, the Court does not find it appropriate to sanction Defendant. *But see id.* (finding attorney's fees and costs to be appropriate sanctions in a matter where plaintiff opposed the motion to set aside default, defendant was unwilling to take personal responsibility for the default, and defendant failed to timely file an answer).

In weighing the *Payne* factors, the Court liberally construes the good cause criteria, resolving all doubts in favor of setting aside the entry of default. Accordingly, the Court finds that good cause exists to justify setting aside the entry of default. The interests of justice will be best served by a trial on the merits. Therefore, it is hereby

ORDERED that Defendant's MOTION is GRANTED, and it is further

ORDERED that the Clerk's Entry of Default is set aside, and it is further

ORDERED that Plaintiff's Motion for Default Judgment is DENIED as moot, and the November 8, 2024, hearing on Plaintiff's Motion for Default Judgment is cancelled.

Entered this 23rd day of October 2024.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia